## Case No. 14,566.

UNITED STATES v. BELLINGSTEIN.

[16 Int. Rev. Rec. 92.]

*District Court, E. D. Michigan.* 1872.

INTERNAL REVENUE—BREWER—FALSE ENTRIES IN BOOKS.

[These were informations against John B. Bellingstein.]

A. B. Maynard, U. S. Dist. Atty., and Mr. Finney, Asst. Dist. Atty.

Mr. Lothrop, for defendant.

LONGYEAR, District Judge (charging jury). In this case the defendant is on trial on two informations against him as a brewer under the internal revenue laws, the two informations having been consolidated.

The first charges the defendant, as a brewer, under section 51 of the act of 1866 (14 Stat. 165), with intentionally making false entries in the books required by law to be kept by him of his manufacture and sale of beer. The district attorney concedes that this charge is not sustained by the proofs, and no conviction is asked upon it. The views of the district attorney are concurred in by the court. Your verdict, therefore, upon this information will be not guilty.

The other information charges the defendant, as a brewer, under the same section, with having neglected to keep the books required by law. The requirements of the law as to the books to be kept by brewers are found in section 49 of the act of 1866, and are as follows: "That every person owning or

occupying any brewery or premises used, or intended to be used, for the purpose of brewing or making such fermented liquors, or who shall have such premises under his control or supervision as agent for the owner or occupant, or shall have in his possession or custody any brewing materials, utensils, or apparatus used or said premises in the manufacture of bier, lager-bier, ale, porter, or other similar fermented liquors, either as owner, agent, or superintendent, shall from day to day enter, or cause to be entered, in a book to be kept by him for that purpose, the kind of such fermented liquors, the description of packages, and number of barrels and fractional parts of barrels of fermented liquors made, and also the quantity sold, or removed for consumption or sale, and shall also, from day to day, enter or cause to be entered, in a separate book to be kept by him for that purpose, an account of all material purchased by him for the purpose of producing such fermented liquors, including grain and malt," etc. The law then further provides that statements in writing taken from said books shall be rendered to the assessor at certain stated periods, and that the books shall be open at all times for the inspection of the proper revenue officers. And then at the end of section 51 it is provided as follows: "And any brewer who shall neglect to keep the books, or refuse to furnish the account and duplicate thereof, as provided by law, or who shall refuse to permit the proper officer to examine the books in the manner provided, shall, for every such refusal or neglect, forfeit and pay the sum of $300." The specific charge in this case is that the defendant neglected to keep a book of entries of materials purchased, as required by section 49. The facts in the case are not disputed. It is conceded on the one hand that the defendant did make entries of materials purchased in a book, and on the other hand that the book, and the only book in which such entries were made, was the book in which the defendant kept his general accounts, or, in other words, as expressed by the witness, it was "a book of general accounts."

The facts, therefore, being undisputed, it is a simple question of law, to be decided by the court, whether the facts constitute a compliance with the statutory requirement. The question here has no relation to the form in which the required book should be kept, neither do I regard form of any consequence so long as none is prescribed by the commissioner of internal revenue. The brewer may keep it in any form he chooses, only so that it is accessible and intelligible. The question is whether any book of entries of materials purchased, within the meaning of section 49, was kept by the defendant. The question is clearly and, I think, conclusively answered by a simple reference to that part of section 49 which describes the book in question. The language is, "a book to be kept by him for that purpose." That is, a book for the purpose of entering from day to day an account of materials purchased. Clearly, and it seems to me indisputably, a book of general accounts kept by a brewer in conducting his business cannot, by any stretch of construction, be deemed or held to be a book kept by him for the purpose specified, within the meaning of the statutory requirement. The purpose of the requirement evidently is to enable the revenue officers at a glance, by comparison of the product, as required to be entered in the other book, provided for in section 49, with the amount of materials purchased, to form some opinion of the correctness of the former; and the account of such materials is required to be kept in a book for that purpose, undoubtedly, in order to avoid the necessity of going through a long general account to obtain the required information.

It being conceded that no other book of entries of materials purchased was kept by the defendant than his book of general accounts here produced, I charge you that no compliance with the law in that respect has been shown, and therefore that, as a matter of law, the defendant is guilty of the offence charged.

Verdict accordingly.

NOTE. An objection was made to the account-book produced by the defendant, on the ground that the entries were in the German language. That objection was not noticed in the charge, for the reason that it was not necessary to a decision of the case. I allude to it here for the purpose of saying, for the benefit of all concerned, that the English language, being the only language recognized by this government in its records and proceedings, legislative, judicial, and otherwise, the court will naturally hesitate to recognize any book, record, writing, or proceeding required by any express statute which is in any other than the English language. Especially so where, as in this case, the book is required to be kept for the use and information of the government's own officers.